UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVERETT HADIX, et. al.,

    Plaintiffs,                                      Civil Action No. 80-73581

v.                                              HONORABLE VICTORIA A. ROBERTS
                                                  UNITED STATES DISTRICT COURT

PERRY M. JOHNSON, et. al,

    Defendants.
_____/

## OPINION AND ORDER DENYING THE REQUEST TO REOPEN THE CLASS ACTION AND DIRECTING PLAINTIFF TO FILE A NEW COMPLAINT

This matter is before the Court regarding a letter request filed by C. Pepper Moore, an inmate incarcerated at the Ryan Correctional Facility in Detroit, Michigan. Plaintiff Moore asks to reopen a 1980 class action lawsuit in which he was a member. For the reasons that follow, the request to reopen the class action is DENIED. Plaintiff is directed to file a new lawsuit.

### I. Background

This prisoner civil rights class action began in 1980, when twenty-three inmates filed a lawsuit to challenge a number of conditions of confinement at the State Prison of Southern Michigan—Central Complex (the "SPSM—CC"). The case was assigned to this Court's predecessor, Judge John Feikens. A detailed history of the case can be found at *Hadix, et al. v. Johnson, et al.*, 694 F. Supp. 259 (E.D. Mich. 1988).

In August, 1981, Judge Feikens certified the class, defined as "all prisoners who

1

are, or will be, confined at the [SPSM—CC]." Judge Feikens approved a proposed consent decree on May 13, 1985. In doing so, Judge Feikens noted that likely structural changes in the SPSM—CC might involve renaming parts of that facility. Judge Feikens clarified that "the facility at issue in this lawsuit, [the SPSM—CC], including the Reception and Guidance Center, shall be defined as 'all areas within the walls of ... the [SPSM—CC] at the time this cause commenced and all areas which will supply support services under the provisions of this Consent Judgment, e.g. food service and Boiler Plant operations.'" (Order Accepting Consent J., Dkt. # 213). Under the Consent Decree, Judge Feikens retained jurisdiction to enforce the terms of the judgment. (*Id*.); *See also Hadix v. Johnson,* 712 F. Supp. 550 (E.D. Mich. 1989).

Certain sections of the Consent Decree were transferred to the United States District Court for the Western District of Michigan ("Western District"), by orders dated June 5, 1992; March 18, 1999; July 12, 2000; and November 15, 2000. (See Dkts. # 835, 1342, 1421, 1432).

On June 27, 2001, Judge Feikens terminated the remaining portions of the consent decree that were still before him. *Hadix v. Johnson*, No. 80-73851, 2001 WL 812217 (E.D. Mich. June 27, 2001).

Only certain subsections of the Consent Decree, concerning medical care, remained open in the Western District of Michigan before Judge Robert J. Jonker. Judge Jonker reopened to a limited extent certain provisions regarding mental health care, through a preliminary injunction entered November 13, 2006. *See Hadix v. Caruso,* No.

4:92–CV–110; 2009 WL 891709 (W.D. Mich. March 31, 2009). In 2009, the Western District of Michigan terminated the consent decree with respect to the Dialysis Unit at the Ryan Correctional Facility, where Plaintiff Moore is currently incarcerated. *Id.* at * 13-15. Judge Jonker, in fact, advised Plaintiff that if he had any further complaints about any medical treatment at the Ryan Facility, "[C]orrection of any constitutional violations associated with the provision of care in the Dialysis Unit must be pursued through new, separate litigation." *Id.* at * 15.

Plaintiff sent a letter to this Court, claiming that numerous employees at the Ryan Correctional Facility in Detroit, Michigan violated Section VI, Paragraph 13 of the Consent Decree, which concerns class members' rights to possess and store legal papers and law books in their cells. Although unclear, Plaintiff may also be claiming that he is being denied medical care at the Ryan Facility. Plaintiff apparently seeks to reopen the class action.

## II. Discussion

Plaintiff is not entitled to reopen the class action for two reasons.

First, with certain exceptions pertaining to medical care issues, Judge Feikens terminated the Consent Decree in 2001, including the provisions of the Consent Decree regarding the possession of legal papers and law books by inmates.

Secondly, the Ryan Correctional Facility, where Plaintiff Moore is currently incarcerated, is not considered a "*Hadix* facility" subject to the Consent Decree. When Plaintiff Moore was transferred to the Ryan Correctional Facility, he no longer remained

a member of the class for the *Hadix* case. As Hadix prisoners move to non-*Hadix* facilities, they leave the *Hadix* class. *Cf. Hadix v. Caruso*, 297 Fed. Appx. 504, 506–07 (6th Cir. 2008)(Consent Decree does not apply to non-*Hadix* facilities to which former *Hadix* prisoners are transferred)); *See also Hadix v. Caruso*, 420 Fed. Appx. 480, 489 (6th Cir. 2011)(the facility in which the sole remaining named plaintiff resided, the Ryan Correctional Facility, no longer constituted a *Hadix* facility, leaving no named *Hadix* class members). Plaintiff Moore's transfer to the Ryan Correctional Facility has removed him from the class action. Accordingly, Plaintiff Moore cannot reopen this class action. If Plaintiff believes that his constitutional rights were violated at the Ryan Correctional Facility, he is directed to file a new prisoner civil rights complaint.

### III. ORDER

Plaintiff Moore's request to reopen the Class Action [Dkt. # 1469] is **DENIED WITHOUT PREJUDICE** to Plaintiff filing a new civil rights complaint pursuant to 42 U.S.C. § 1983.

                                      S/Victoria A. Roberts
                                      **HONORABLE VICTORIA A. ROBERTS**
                                      **UNITED STATES DISTRICT JUDGE**

**Dated:** September 18, 2014